IRVING M. BLANCHARD V. STATE OF NEBRASKA.

FILED MARCH 8, 1929. No. 26767.

*G. T. H. Babcock, Robert G. Easley* and *Allen G. Fisher*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *Clifford L. Rein*, contra.

Heard before ROSE, GOOD, THOMPSON, EBERLY, and DAY, JJ., and REDICK and SHEPHERD, District Judges.

THOMPSON, J.

The plaintiff in error was charged with the commission of what has been designated as "statutory rape" on his fourteen year old step-daughter, in Dawes county, on the 3d day of June, 1928; was found guilty, and on the 30th day of that month was sentenced to imprisonment in the state penitentiary for ten years. To reverse this judgment he prosecutes error, and bases his right to such reversal on two grounds: That the verdict is not sustained by the evidence; further, that the verdict is contrary to law. Under the record these challenges limit the scope of our inquiry to the evidence, and the sufficiency of the

information, as neither challenge invokes a review of the instructions, or what is recognized under our practice as "errors of law occurring at the trial." The information is in the usual form, and correctly charges the intended felony.

The evidence on the part of the state and that on the part of the defense, on the issue raised by such information and the plea of not guilty entered by the defendant (plaintiff in error), is acutely conflicting, and consists largely of oral testimony given at the trial. The credibility of these witnesses and the weight to be given the testimony of each are for the jury's consideration. The rule is that such determination by the jury will not be by us disturbed "unless clearly wrong," or, as stated in other holdings of this court, "is without support in the evidence." To quote the evidence would in no manner benefit either of the litigants, neither would it prove instructive in a future contest of this nature. Hence, we deem it sufficient to say that there is ample proof to sustain the verdict and to warrant the judgment complained of.

No error appearing in the record, the judgment of the trial court is

AFFIRMED.